**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Kenneth L. Mantell, | ) | CASE NO: 5:11CV1034 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Health Professionals Ltd., et al., | ) | (Resolving Doc. 19, 41) |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on motions to dismiss filed by the Portage County Defendants (Doc. 19) and the Streetsboro Defendants (Doc. 41).  Having reviewed the pleadings, briefs, and applicable the law, the Court hereby DENIES both motions.

**I.  Facts**

The complaint in this matter alleges as follows.  Defendant Streetsboro Police Officer Jon Hurley arrested Kenneth R. Mantell on May 20, 2011.  At the time of the arrest, Hurley was informed that Mantell had previously attempted suicide and that he would likely attempt to do so again if he was placed in custody.  Hurley then transported Mantell to the Portage County Jail.  Upon transferring Mantell to the Jail, the complaint alleges:  "Officer Hurley and the other arresting officers failed to convey the full information regarding the full extent of Plaintiff's decedent's history of suicide and warnings of imminent suicide."  Doc. 1 at 9.  The complaint then goes on to allege:

> Subsequently, on the evening of May 20, 2010, and into May 21, 2010, officers at the Portage County jail including Officers McCoy, Kreider, Holbrook, Tench, Cardinal, Martin, Harvey, Acklin, Shaffer, Demastus, Springer and Dougan failed to properly report obvious signs of suicidal conduct by plaintiff's decedent, and/or failed to follow policies set forth at the jail for taking appropriate steps to observe conduct reflective of impending suicide that were being evidenced by plaintiff's decedent. Specifically, the police records document that plaintiff's decedent's mood significantly deteriorated throughout the day on May 21, 2010 as evidenced by telephone calls made by plaintiff's decedent, yet these officers failed to report this as was required by policies at the jail.

Doc. 1 at 9.  On May 21, 2010, Mantell then attempted to commit suicide in the jail by hanging himself with a sheet.  The attempt resulted in a severe brain injury and Mantell was ultimately pronounced dead on July 5, 2010.

With respect to the pending motions to dismiss, the relevant claims against these defendants focus upon a deliberate indifference to Mantell's medical needs.  Both the Portage County and Streetsboro defendants claim that Mantell's complaint has failed to properly plead such a claim and that in any event, they are entitled to qualified immunity. The Court now reviews those claims.

## II.  Legal Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of

> *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id*.  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### III. Analysis

The Sixth Circuit has previously described the standard for deliberate indifference as follows.

> [U]nder the Eighth Amendment's proscription on cruel and unusual punishment, prisoners have a constitutional right to medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Court explained that a prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs. *Id*. at 104. While the right to medical care for serious medical needs does not encompass the right "to be screened correctly for suicidal tendencies," we have long held that prison officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such

3

> a prisoner. *Danese v. Asman*, 875 F.2d 1239, 1244 (6th Cir. 1989), *cert. denied*, 494 U.S. 1027 (1990), (noting that "[i]f a prisoner asks for and needs medical care, it must be supplied"); *see also Yellow Horse v. Pennington Cty.*, 225 F.3d 923, 927 (8th Cir. 2000) (holding that prisoner "had a clearly established constitutional right to be protected from the known risks of suicide and to have his serious medical needs attended to"); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir.1 989) (noting that prison inmate has Eighth Amendment right be free from deliberate indifference to serious psychiatric needs).
>
> An Eighth Amendment claim has two components, one objective and one subjective. To satisfy the objective component, the plaintiff must allege that the medical need at issue is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Farmer*, 511 U.S. at 837. Emphasizing the subjective nature of this inquiry, the Supreme Court has noted that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838 (emphasis added).

*Comstock v. McCrary*, 273 F.3d 693, 702-703 (6th Cir. 2001).

The Streetsboro defendants contend that dismissal is appropriate because Mantell himself did not exhibit signs of suicidal tendencies while in Hurley's presence. Instead, Hurley received information from Mantell's acquaintances regarding his prior suicide attempts and the likelihood of a future suicide attempt. The complaint alleges that Hurley took this information seriously enough to document in his arrest report that it had been both received and conveyed to the intake nurses at the jail.

With respect to observing the decedent, the Sixth Circuit has noted as follows:

> Suicide is a difficult event to predict and prevent and often occurs without warning. Both the common law and the recently developed constitutional law applying to those in custody have taken this uncertainty into account in developing rules of liability based on foreseeability. In *Barber v. City of Salem*, this Court held that:

> the proper inquiry concerning the liability of a City and its employees in both their official and individual capacities under section 1983 for a jail detainee's suicide is: whether the decedent showed a strong likelihood that he would attempt to take his own life in such a manner that failure to take adequate precautions amounted to deliberate indifference to the decedent's serious medical needs. 953 F.2d 232, 239-40 (6th Cir. 1992).

*Gray v. City of Detroit*, 399 F.3d 612, 616 (6th Cir. 2005). While Hurley did not observe any suicidal tendencies, the Court must accept the facts pled in the complaint as true. Those facts indicate that Hurley subjectively believed that at least some risk of suicide existed, as demonstrated by the allegation that Hurley informed nurses of Mantell's history. The complaint also alleges that Hurley "failed to convey the full information regarding the full extent" of Mantell's mental health history. While perhaps not artfully pled, the allegations are sufficient to state a claim of deliberate indifference under the Eighth Amendment.

For similar reasons, at this stage of the litigation, Hurley's claim for qualified immunity must be denied. The complaint alleges that Hurley was placed on very clear notice of the risk of suicide and failed to properly respond. The right alleged to be violated – the right to medical care upon a showing of a strong likelihood of suicidal ideation – was clearly established. Hurley appears to contend that the complaint simply fails to allege sufficient facts to demonstrate the right noted above. Again, however, through notice pleading, Plaintiff has alleged facts to suggest suicidal ideation was present and improperly treated or ignored.

For nearly identical reasons, the motion to dismiss filed by the Portage County defendants must also be denied. The Portage County defendants similarly take issue with the sufficiency of the details in the complaint regarding their observations of Mantell. The complaint, however, alleges that these defendants failed to report obvious signs of

suicide.  While the complaint goes on to specifically note Mantell's deteriorating mood as demonstrated through phone calls, it does not suggest that this is an exhaustive list of the observations.  Furthermore, as *Iqbal* and *Twombly* did not alter notice pleading, the Court is not convinced that an exhaustive list of these observations was required to be in the complaint.  In short, the complaint properly pleads a claim of deliberate indifference to medical needs that should have been obvious to the Portage County defendants.

Of course, the Court takes no stance on whether discovery will ultimately support these allegations against any of the moving defendants and the issues may appropriately be revisited during summary judgment practice in this matter.  However, for the purposes of a motion to dismiss, the complaint properly pleads deliberate indifference and precludes a finding of qualified immunity *at this time*.

**IV.     Conclusion**

The pending motions to dismiss are DENIED.

IT IS SO ORDERED

January 5, 2012               _____/s/ Judge John R. Adams_____
Date                          JUDGE JOHN R. ADAMS
                              UNITED STATES DISTRICT COURT